UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

BRENDA CARUSO,

                       Plaintiff,        07 Civ. (   )

        -against-

                                                    COMPLAINT

STEVEN GREELEY, individually,

                      Defendant.      Jury Trial Demanded

------------------------------------------------------x

**ORIGINAL**

07 CIV. 2869 WP4

Plaintiff BRENDA CARUSO, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately the result of Defendant's actions taken under color of the laws of the State of New York, for violations of Plaintiff's right to Equal Protection as guaranteed her by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. In that connection in March 2007 Plaintiff duly filed a gender-based Charge of Discrimination with the United States Equal Employment Opportunity Commission pursuant to Title VII, 42 U.S.C. §2000e *et. seq.* At such time as the EEOC issues to Plaintiff a Notice of Right to Sue she will seek leave to amend this complaint to assert a Title VII claim, along

1

with a state law claim for violation of her rights as guaranteed by Section 296 *et. seq* of the New York State Executive Law, against her employer.

## THE PARTIES

3. Plaintiff BRENDA CARUSO is a female citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint she was employed on a probationary basis as a "University Police Officer" at SUNY/Purchase. In that connection Plaintiff had approximately eleven years prior employment as a police officer in different jurisdictions; she was a police academy graduate. At SUNY/Purchase Plaintiff was the only female patrol officer and her job performance was consistently excellent.

4. Defendant STEVEN GREELEY (hereinafter "Greeley"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed, as a result of his political connections rather than merit and fitness, as the Deputy Chief of Police at SUNY/Purchase. Greeley has never attended, much less graduated from, a police academy; he has never been a police officer and has no law enforcement training or skills.

## THE FACTS

5. Commencing in or about August of 2006 Greeley intentionally created and thereafter deliberately maintained a hostile, *quid pro quo* work environment for Plaintiff on the basis of her gender.

6. In that connection Greeley, who is substantially older than Plaintiff, in words or substance introduced himself to her in offensive, gender predicated terms, to wit: Purchase College "finally got a pretty police officer". Plaintiff, although uncomfortable, ignored that boorish comment.

7. Prying into Plaintiff's social/sexual relationships, Greeley then inquired as to whether she gets "hit on" a lot in the workplace. Plaintiff, appreciating that that was precisely what Greeley was doing with respect to her, ignored that boorish inquiry as well.

8. Greeley next asked Plaintiff, with the self-evident objective of establishing a social and/or sexual relationship with her, whether she would "go out" with, that is date, a male police officer. Intending to rebuff Greeley, Plaintiff unequivocally advised him: "No!".

9. Having thus been rebuffed Greeley later advised her, by way of implied threat, that if she did not succumb to his sexual entreaties, her working on the campus subordinate to him could become "hard". Plaintiff, fully appreciating Greeley's reiteration of his *quid pro quo* proposition, persisted in her refusal to engage in a social and/or sexual relationship with him.

10. Thereafter Greeley repeatedly threatened Plaintiff's continued employment, warning her on numerous occasions that she was only on probation and thus had no job security. Plaintiff nevertheless persisted in her refusal to engage in a social and/or sexual relationship with him.

11. Thereafter and continuing virtually on a daily basis Greeley:

    a. Began fabricating and circulating among the campus police and its

3

administration false and derogatory reports regarding Plaintiff's supposed job performance

b. Stalked Plaintiff, using his personally owned motor vehicle to follow her all over the campus while she was on motor patrol,

c. Advised co-workers of Plaintiff that he (Greeley) had collected and was maintaining a compendium of negative job performance evaluations with respect to her,

d. Announced to at least one of Plaintiff's co-workers that he (Greeley): "want[s] her job",

e. Criticized Plaintiff's competency as a single mother, following the kidnapping of her daughter,

f. Denounced Plaintiff as a "hazard" to the campus police department because she was upset that her daughter had been kidnapped and could not be found,

g. Falsely accused Plaintiff of abusing leave time because she traveled to Pennsylvania to meet with law enforcement officials there in a failed attempt to locate her daughter,

h. Falsely accused Plaintiff being careless with her duty weapon after she locked it in a gun locker contained in an alarmed room at police headquarters - - in contrast to Greeley who routinely leaves his loaded duty weapon unsecured on a table in the "break room" (premises used by civilians) and/or on top of his locker,

i. Sent a number of e-mails to high ranking campus police department

administrators falsely accusing Plaintiff of job-related improprieties and,

j. Repeatedly solicited derogatory and materially false statements from students about supposed interactions with Plaintiff.

12. In furtherance of Greeley's objective of punitively causing Plaintiff's employment to be terminated, he made repeated false reports about her job performance to the administrators of Purchase College with the result that effective February 26, 2007, her probationary employment was terminated by the College's Office of Human Resources.

13. As a result of Defendant's conduct Plaintiff was forced to suffer: pecuniary losses; loss of fringe benefits; loss of retirement benefits; loss of medical and related benefits; emotional upset; anxiety; public humiliation; public embarrassment; public degradation; shame; irreparable damage to her professional career; and has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "13", inclusive.

15. Under the premises Defendant's conduct violated Plaintiff's right to Equal Protection as guaranteed her by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding such punitive damages as the jury may impose,

    b. Awarding such compensatory damages as the jury may determine,

    c. Awarding reasonable attorney's fees and costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       April 7, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

6