UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
BRENDA CARUSO,

                Plaintiff,         **ANSWER**

   - against -                    07 Civ. 2869
                                        (WP4)(GAY)
STEVEN GREELEY, individually,

                                        **FILED BY ECF**

                Defendant.
---------------------------------------X

    Defendant STEVEN GREELEY, by his attorney ANDREW M. CUOMO, Attorney General for the State of New York, answers the Complaint as follows:

### Alleged Nature Of The Action

    1.   Denies the allegations contained in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein, and refers to the statute cited therein for the contents thereof.

### Jurisdiction

    2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint, except admits that jurisdiction is purportedly conferred pursuant to 28 U.S.C. §§ 1331, 1343, and refers to the statutes cited therein for the contents thereof.

### The Parties

    3.   Denies the allegation contained in paragraph "3" of the Complaint concerning plaintiff's job performance, denies

1

knowledge or information sufficient to form a belief as to the truth of the allegations therein concerning plaintiff's citizenship, residency, and prior education and work experience, and the reference to "all times relevant," and admits that plaintiff was employed as a probationary University Police Office, Level 1, and that during her employment at SUNY Purchase plaintiff was the only female patrol officer.

    4.    Denies the allegations contained in paragraph "4" of the Complaint, except admits that defendant Greeley is employed as the Deputy Chief of Police at SUNY Purchase and that he is purportedly sued in his individual capacity.

### The Alleged Facts

    5.    Denies the allegations contained in paragraph "5" of the Complaint.

    6.    Denies the allegations contained in paragraph "6" of the Complaint.

    7.    Denies the allegations contained in paragraph "7" of the Complaint.

    8.    Denies the allegations contained in paragraph "8" of the Complaint.

    9.    Denies the allegations contained in paragraph "9" of the Complaint.

    10.    Denies the allegations contained in paragraph "10" of the Complaint.

11. Denies the allegations contained in paragraph "11" of the Complaint, except admits that he counseled plaintiff for placing a loaded weapon in the gun locker.

12. Denies the allegations contained in paragraph "12" of the Complaint, except admits that plaintiff's employment as a probationary University Police Officer was terminated by Office of Human Resources at SUNY Purchase, effective February 26, 2007.

13. Denies the allegations contained in paragraph "13" of the Complaint.

## Plaintiff's Alleged Claim

14. In response to the allegations contained in paragraph "14" of the Complaint, refer to the responses to the allegations contained in paragraphs "1" through "13" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

## Alleged "Wherefore" Clause

16. Admits that plaintiff purports to proceed as set forth in the unnumbered "Wherefore" Clause of the Complaint, except denies that plaintiff is entitled to any relief.

## AS AND FOR A FIRST DEFENSE

17. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

18. Defendant Greeley acted in good faith compliance with

3

all relevant constitutional and statutory laws, rules, and regulations and all applicable contractual and administrative provisions, rules, and procedures, and denies that he ever acted with malice or recklessness or in willful disregard of plaintiff's applicable rights. Thus, plaintiff is not entitled to punitive damages.

## AS AND FOR A THIRD DEFENSE

19. Defendant Greeley acted under the objectively reasonable belief that his actions were proper and in accord with clearly established law, and, therefore plaintiff's claims for monetary relief against him are barred by the doctrine of qualified immunity.

WHEREFORE, defendant demands judgment dismissing the complaint, together with costs and disbursements and reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 19, 2007

                                      ANDREW M. CUOMO
                                      Attorney General of the
                                       State of New York
                                      Attorney for Defendant
                                      By:

                                      _____
                                      STEVEN L. BANKS
                                      Assistant Attorney General
                                      120 Broadway - 24th Floor
                                      New York, New York 10271
                                      (212) 416-8621

TO: Lovett & Gould LLP
    Attorneys for Plaintiff
    222 Bloomingdale Road
    White Plains, New York 10605
    (914) 428-8401