UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BRENDA CARUSO,

                Plaintiff,        **ANSWER TO THE FIRST**
                                                      **AMENDED COMPLAINT**

  - against -                     07 Civ. 2869 (KMK)(GAY)

STEVEN GREELEY, individually, the
STATE OF NEW YORK, and PURCHASE       **ORIGINAL**
COLLEGE, STATE UNIVERSITY OF NEW     **FILED BY ECF**
YORK,
                 Defendants.
------------------------------------X

      Defendants STEVEN GREELEY, the STATE OF NEW YORK, and the STATE UNIVERSITY OF NEW YORK ("SUNY")[1] by their attorney ANDREW M. CUOMO, Attorney General for the State of New York, answer the First Amended Complaint as follows:

### Alleged Nature Of The Action

      1.   Deny the allegations contained in paragraph "1" of the First Amended Complaint, except admit that plaintiff purports to proceed as set forth therein, and refer to the statutes cited therein for the contents thereof.

### Jurisdiction

      2.   Admit, on information and belief, the allegations contained in paragraph "2" of the First Amended Complaint, and refer to the statutes cited therein for the contents thereof.

---

    [1] The SUNY campus in Purchase is an administrative unit of SUNY with no separate corporate existence. See N.Y. Educ. Law § 352. Therefore, SUNY is the sole institutional defendant.

1

## The Parties

3. Deny the allegations contained in paragraph "3" of the First Amended Complaint concerning plaintiff's job performance, deny knowledge or information sufficient to form a belief as to the truth of the allegations therein concerning plaintiff's citizenship, residency, education, and work experience, and the reference to "all times relevant," and admit that plaintiff was employed as a probationary University Police Office, Level 1, at SUNY Purchase and that during her employment at SUNY Purchase plaintiff was the only female patrol officer.

4. Deny the allegations contained in paragraph "4" of the First Amended Complaint, except admit that defendant Greeley is employed as the Deputy Chief of Police at SUNY Purchase and that he is purportedly sued in his individual capacity.

5. Deny the allegations contained in paragraph "5" of the First Amended Complaint, except admit that SUNY was plaintiff's employer during her employment as a University Police Officer at SUNY Purchase, and refer to the statute cited therein for the contents thereof.

## The Alleged Facts

6. Deny the allegations contained in paragraph "6" of the First Amended Complaint.

7. Deny the allegations contained in paragraph "7" of the First Amended Complaint.

8. Deny the allegations contained in paragraph "8" of the First Amended Complaint.

9. Deny the allegations contained in paragraph "9" of the First Amended Complaint.

10. Deny the allegations contained in paragraph "10" of the First Amended Complaint.

11. Deny the allegations contained in paragraph "11" of the First Amended Complaint.

12. Deny the allegations contained in paragraph "12" of the First Amended Complaint, except admit that Greeley counseled plaintiff for placing a loaded weapon in the gun locker.

13. Deny the allegations contained in paragraph "13" of the First Amended Complaint, except admit that plaintiff's employment as a probationary University Police Officer was terminated by the Office of Human Resources at SUNY Purchase, effective February 26, 2007.

14. Deny the allegations contained in paragraph "14" of the First Amended Complaint.

**Plaintiff's Alleged First Claim Against Defendant Greeley**

15. In response to the allegations contained in paragraph "15" of the First Amended Complaint, refer to the responses to the allegations contained in paragraphs "1" through "14" of the First Amended Complaint.

16. Defendant Greeley denies the allegations contained in

paragraph "16" of the First Amended Complaint, and, further, because the First Claim is not asserted against either defendant State of New York or defendant SUNY, no response to the allegations contained therein is required by those defendants.

### Plaintiff's Alleged Second Claim Against Defendants State of New York And SUNY

17. In response to the allegations contained in paragraph "17" of the First Amended Complaint, refer to the responses to the allegations contained in paragraphs "1" through "14" of the First Amended Complaint.

18. Defendants State of New York and SUNY deny the allegations contained in paragraph "18" of the First Amended Complaint, and, further, because the First Claim is not asserted against defendant Greeley, no response to the allegations contained therein is required by that defendant.

### Plaintiff's Alleged Third Claim Against Defendants State of New York And SUNY

19. In response to the allegations contained in paragraph "19" of the First Amended Complaint, refer to the responses to the allegations contained in paragraphs "1" through "14" of the First Amended Complaint.

20. Defendants State of New York and SUNY deny the allegations contained in paragraph "20" of the First Amended Complaint, and, further, because the First Claim is not asserted against defendant Greeley, no response to the allegations

contained therein is required by that defendant.

### Alleged "Wherefore" Clause

21. Admit that plaintiff purports to proceed as set forth in the unnumbered "Wherefore" Clause of the First Amended Complaint, except deny that plaintiff is entitled to any relief.

### AS AND FOR A FIRST DEFENSE

22. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

23. Defendant Greeley acted in good faith compliance with all relevant constitutional and statutory laws, rules, and regulations and all applicable contractual and administrative provisions, rules, and procedures, and denies that he ever acted with malice or recklessness or in willful disregard of plaintiff's applicable rights. Thus, plaintiff is not entitled to punitive damages.

### AS AND FOR A THIRD DEFENSE

24. Defendant Greeley acted under the objectively reasonable belief that his actions were proper and in accord with clearly established law, and, therefore plaintiff's claims for monetary relief against him are barred by the doctrine of qualified immunity.

### AS AND FOR A FOURTH DEFENSE

25. Defendant State of New York was at no time plaintiff's

employer for purposes of Title VII.

### AS AND FOR A FIFTH DEFENSE

26. Title VII does not provide for an award of punitive damages.

### AS AND FOR A SIXTH DEFENSE

27. SUNY exercised reasonable care to prevent and promptly correct any sexually harassing behavior, and plaintiff unreasonably failed to avail herself of any preventative or corrective opportunities provided by SUNY or to otherwise avoid harm.

### AS AND FOR A SEVENTH DEFENSE

28. All decisions made by SUNY with respect to plaintiff's employment were made for legitimate, non-discriminatory, non-retaliatory reasons.

WHEREFORE, defendants demand judgment dismissing the First Amended Complaint, together with costs and disbursements and reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 21, 2007

>                              ANDREW M. CUOMO
>                              Attorney General of the
>                               State of New York
>                              Attorney for Defendants
>                              By:
>
>                              _____
>                              STEVEN L. BANKS
>                              Assistant Attorney General
>                              120 Broadway - 24th Floor
>                              New York, New York  10271
>                              (212) 416-8621

TO:   Lovett & Gould LLP
      Attorneys for Plaintiff
      222 Bloomingdale Road
      White Plains, New York  10605
      (914) 428-8401

7

Docket No.: 07 Civ. 2869 (KMK)(GAY)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

BRENDA CARUSO,

Plaintiff,

- against -

STEVEN GREELEY, individually, the STATE OF NEW YORK, and PURCHASE COLLEGE, STATE UNIVERSITY OF NEW YORK,

Defendants.

# ANSWER TO THE FIRST AMENDED COMPLAINT

ANDREW M. CUOMO
Attorney General of the State of New York

*ATTORNEY FOR DEFENDANTS*

BY:   STEVEN L. BANKS
Assistant Attorney General
120 Broadway, 24TH Floor
New York, New York 10271

Tel. No.: (212) 416-8621
Fax Nos.: 212-416-6075/6009

*Due Service of a copy of the within is admitted this*

_____ day of _____ 2007